UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Paula Hare,

  Plaintiff,

v.           Case No. _____

Compass Group USA, Inc., and

Nutrislice, Inc.,

  Defendants.

---

## COMPLAINT

---

Plaintiff, Paula Hare, for her complaint against defendants Compass Group USA, Inc., and Nutrislice, Inc., states as follows:

### I. Nature of Action

1. This is a civil action for copyright infringement under 17 U.S.C. § 101 et seq.

### II. Jurisdiction and Venue

2. This court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

### III. Parties

4. Plaintiff Paula Hare is a resident of the state of Wisconsin, who does business as Firehouse Communications, with a place of business at 172 N. Broadway, Milwaukee, WI 53202.

5. Compass Group USA, Inc. is a Delaware corporation with a principle place of business at 2400 Yorkmont Road, Charlotte, NC 28217.

6. Nutrislice, Inc. is a Delaware corporation with a principle place of business at 295 Interlocken Blvd., Broomfield, Colorado 80021.

### IV. Facts

7. For many years, Hare has been in the business of providing marketing and communications services, and is, in addition, a professional photographer. She is currently doing business as Firehouse Communications, and prior to 2015, she was a principal in Hare Strigenz, Inc. dba Hare-Strigenz Design.

8. Among other things, Hare provides photographic images for a fee to clients for use in the client's promotional and marketing activities.

9. Chartwells K12 (formerly Chartwells School Dining Services, collectively "Chartwells"), a division of Compass, provides dining services for over five hundred public school districts and private schools throughout the United States, including more than 4,000 separate elementary, middle, and high schools nationwide.

10. Beginning in approximately 2010, Chartwells engaged Hare and her businesses to provide marketing services, including creating marketing materials, managing social media and providing photographs in response to

Chartwells' requests. Hare has provided thousands of images to Chartwells for use in its printed materials, online communications, video productions, websites, proposals and other internal and external communications materials.

11. Most of the photographic images that Hare provided to Chartwells were provided in response to a specific needs expressed by Chartwells, and for which Hare invoiced Chartwells, and for which Chartwells paid (with the exception described below). With respect to the photographic images that were the subject of Hare's invoices paid by Chartwells, Hare granted Chartwells a non-exclusive, perpetual license to reproduce, display and distribute the images.

12. In addition to the photographic images that were the subject of Hare's invoices and for which Chartwells paid, Hare also made available to Chartwells, at no charge, photographic images that Hare had taken on her own and at her own expense (the "Uncompensated Images"). Hare permitted Chartwells to use the Uncompensated Images in Chartwells' materials and social media and advised Chartwell's management team in early 2014 that many photographic images were taken at her own expense.

13. Beginning in August 2014, Chartwells began to transition work away from Hare to another agency to provide marketing, PR, social media and promotional services to Chartwells.

14. Hare's attorney sent Chartwells a letter dated June 17, 2015 informing Chartwells that Hare was withdrawing her permission for Chartwells to use any of the Uncompensated Photos as of July 1, 2015, and Chartwells no

longer had authorization to reproduce, distribute, or display the Uncompensated Images, and demanding that any of the Uncompensated Images be removed from all digital media or internet displays by that date. A copy of the letter is attached as Exhibit A.

15. Chartwells did not respond to the June 17, 2015 letter until after July 1, 2015, the date Hare's permission to use the Uncompensated Images expired, and the Uncompensated Images continued to appear in many of Chartwells' electronic media long after July 1, 2015.

16. In April 2015, Chartwells announced that it was entering a partnership with Nutrislice, a company that provides a digital marketing platform for food service companies and enables students and parents to review menus and nutritional information online regarding school provided meals.

17. Without Hare's knowledge or permission, Chartwells provided many of Hare's Uncompensated Images to Nutrislice with the knowledge that Nutrislice would use the images in marketing and promotional materials for Chartwells. Nutrislice distributed uncompensated images to schools and schools districts served by Chartwells and Nutrislice nationwide.

18. Numerous Uncompensated Images were displayed and/or distributed by Nutrislice after July 1, 2015 and uncompensated images continue to be displayed today.

# COUNT I
# COPYRIGHT INFRINGEMENT BY CHARTWELLS AND NUTRISLICE

19. Hare has registered the copyright in certain of the Uncompensated Images with the United States Copyright Office as reflected in the following certificates of registration:

| Reg. No. | Title | Registration Date |
| --- | --- | --- |
| VA 2-023-812 | Group Registration Photos, published approx. June 24, 2010 to approx. Oct. 28, 2010 | May 5, 2015 |
| VA 2-023-661 | Group Registration Photos, published March 31, 2015 to July 1, 2015 | October 4, 2016 |
| VA 2-023-662 | Group Registration Photos, November 21, 2012 | October 4, 2016 |
| VAu 1-257-124 | Kids, unpublished | October 4, 2016 |
| VA 2-032-831 | Group Registration Photos, published Sept. 2, 2014 to Sept. 12, 2014 | October 4, 2016 |

20. Hare owns all right, title and interest in the copyright for the Uncompensated Images that are the subject of the above-identified registrations.

21. Chartwells directly infringed Hare's copyright in the Uncompensated Images that are the subject of the above-identified registrations by displaying and/or reproducing and distributing the images after July 1, 2015.

22. Chartwells infringement was willful in that Chartwells continued to display and/or reproduce and distribute the Uncompensated Images that are

{01122049.DOC / } - 5 -
Case 2:17-cv-01065-WED   Filed 08/02/17   Page 5 of 7   Document 1

the subject of the above-identified registrations the images after July 1, 2015 with the knowledge that Hare had withdrawn her permission to use the images.

23. Nutrislice directly infringed Hare's copyright in numerous Uncompensated Images that are the subject of the above-identified registrations by displaying and/or reproducing and distributing the images after July 1, 2015.

## COUNT II
## BREACH OF CONTRACT/UNJUST ENRICHMENT BY CHARTWELLS

24. Hare sent invoice no. 1256 in the amount of $2450 to Chartwells, on or about August 11, 2015, for marketing services Hare rendered to Chartwells. Chartwell's failure to pay the invoice is either a breach of contract by Chartwells or Chartwells has been unjustly enriched by retaining the benefit of Hare's services that are the subject of invoice without compensating Hare.

WHEREFORE, Plaintiff Paula Hare requests judgment as follows:

- A. a preliminary and permanent injunction against further infringement of Hare's copyrighted images by either;
- B. an award of all damages against Chartwells and Nutrislice allowed under the Copyright Act, including statutory or actual damages;
- C. an award of reasonable attorney's fees against Chartwells and Nutrislice for their infringement of Hare's copyright;
- D. an award of damages against Chartwells for its breach of contract or unjust enrichment;
- E. costs as permitted by law;
- F. any other relief the court may deem proper and just.

## JURY DEMAND

Plaintiff hereby demands a jury trial of all issues of fact alleged and not admitted by defendants.

August 2, 2017

/s/ John P. Fredrickson
John P. Fredrickson
Wis. State Bar No. 1009063
Boyle Fredrickson, S.C.
840 N. Plankinton Avenue
Milwaukee, WI 53203
(414) 225-9755 (Office)
jpf@boylefred.com
*ATTORNEY FOR PAULA HARE*